Sarah A. Wilbur vs. Rhode Island Company.

PROVIDENCE—MAY 29, 1905.

Present: Douglas, C. J., Johnson and Parkhurst, JJ.

(1)   *Negligence.   Unknown Cause.   Res Ipsa Loquitur.*

Where the thing which occasioned an injury is unknown the maxim *res ipsa loquitur* has no application; since, where the thing is unknown, it can not be said to speak or to indicate the existence of causative negligence.

(2)   *Common Carriers.   Negligence.   Unknown Cause of Injury.*

Declaration for negligence against a common carrier alleged in a single count that there were in the running-board, or step, of the car certain apertures, projections, and defects negligently made or permitted to be and remain by the defendant, the nature whereof was and is unknown to plaintiff and which she could not more particularly describe, and that her foot or shoe was caught upon the running-board, or step, by reason of said apertures, projections, or defects, whereby the heel of her shoe was torn off and she was thrown and injured:—

*Held*, that the description of the alleged defects was inconsistent and contradictory. and that, further the declaration charged simply that defendant was guilty of negligence without alleging in what it consisted.

Trespass on the Case for negligence.   Heard on demurrer to declaration, and sustained.

Johnson, J.   The declaration in this case sets out, in substance, that the defendant was negligent in providing, without the plaintiff's knowledge and without any warning to her, a car with a defective running-board, or step, wherein there were certain apertures, projections, and defects negligently made, or permitted to be and remain, by the defendant, the nature whereof was and is unknown to the plaintiff, and she can not more particularly describe the same, and that said car has remained in the defendant's possession; that she has never examined it nor had an opportunity to examine it, and has never seen it except at the time set out in said declaration; and that, while she was a passenger on said car and in the exercise of due care, and while ignorant of the existence of said apertures, projections, and defects, and while alighting from said car at the end of her journey, her foot or shoe was caught upon said

running-board, or step, by reason of said apertures, projections, or defects, whereby the heel of her shoe was torn off, and she was violently thrown from said car to the ground and injured; and that the defendant knew, or, if in the exercise of due care, would have known, of the existence of said apertures, projections, and defects.

To this declaration the defendant demurs, on the grounds:

1. That it does not appear in and by said amended declaration what the apertures, projections, and defects were, as referred to in said declaration.

2. From all that appears in said amended declaration the defendant was not guilty of any negligence whatever.

The plaintiff contends that, as it appears in the declaration that while alighting from the car the heel of the plaintiff's shoe was caught in the running-board, whereby it was torn off, and the plaintiff was thrown to the ground and injured, and that the car has always been in the exclusive possession of the defendant, and that she never saw it before nor after the time she was injured, and has had no opportunity to inspect it, and therefore does not know and can not state the exact cause of the accident, therefore the case comes within the class of cases to which the maxim *res ipsa loquitur* applies.

In support of this contention the plaintiff's counsel cites: *Cox* v. *Providence Gas Co.*, 17 R. I. 199; *Parker* v. *Providence and Stonington Steamship Co.*, *Id.* 376; *Ellis* v. *Waldron*, 19 R. I. 369; *Kearney* v. *London, &c. Ry. Co.*, L. R. 5 Q. B. 411, and numerous other cases.

In *Cox* v. *Providence Gas Co.* the plaintiff was injured while at work as an employee of the defendant, at its gas works, in consequence of an explosion of a tank in the ground near where he was at work. The fact that the plaintiff was injured did not speak for itself so as to impute negligence to the defendant; but the attendant circumstance that the injury was caused by the explosion of a tank belonging to the defendant and under its control brought it within the class of cases to which the maxim applies.

In *Parker* v. *Providence and Stonington Steamship Co.* there was a collision in the public waters of the State, the declaration

charging that the defendant's servants so negligently and carelessly navigated its steamer that it ran upon and sank the vessel of the plaintiff's testator, without stating particularly in what the negligence consisted, and the court says (p. 377): " This raises a presumption of negligence, nothing appearing to the contrary, because of the defendant's control of the agent of the injury, and because such accidents do not occur without negligence."

In *Ellis* v. *Waldron*, the injury complained of was caused by the fall of an elevator, and the court says (p. 371): " The mere fact that the elevator fell, taken in connection with the attendant circumstances, may be sufficient to raise a presumption of negligence and thereby cast upon the defendants the burden of establishing their freedom from fault.  That is to say, when the machine or thing in question is shown to be under the control of the defendant, and the accident is such as in the ordinary course of things does not happen if those who have the control exercise proper care, it affords *prima facie* evidence that the accident happened from want of care."

In *Kearney* v. *London, &c. Ry. Co.*, L. R. 5 Q. B. 411, as the plaintiff was passing along the highway, under a railway bridge of the defendant, a brick fell from the top of one of the pilasters and injured him.  In delivering the opinion, Cockburn, C. J., said: " My own opinion is, that this is a case to which the principle *res ipsa loquitur* is applicable, though it is certainly as weak a case as can well be conceived in which that maxim would be taken to apply."

(1)    These cases are clearly distinguishable from the case at bar, as are all the cases cited by the plaintiff's counsel.  In this class of cases it is not the fact of injury alone which speaks for itself so as to give evidence of negligence on the part of a defendant.  The mere fact that a person is injured does not speak as to the negligence of anybody.  An injury having been sustained, however, it may be, and often is, the case that the attendant circumstances are such that the mind naturally and necessarily infers negligence therefrom.  As was said by McSherry, C. J., in *Benedick* v. *Potts*, 88 Md. 52, at p. 56: " The maxim does not go to the extent of implying that you may

from the mere fact of an injury infer what physical act produced that injury; but it means that when the physical act has been shown or is apparent and is not explained by the defendant, the conclusion that negligence superinduced it may be drawn as a legitimate deduction of fact. It permits an inference that the known act which produced the injury was a negligent act, but it does not permit an inference as to what act did produce the injury. Negligence manifestly can not be predicated of any act until you know what the act is. Until you know *what* did occasion an injury, you can not say that the defendant was guilty of some negligence that produced that injury. There is, therefore, a difference between inferring as a conclusion of fact *what* it was that did the injury; and inferring from a known or proven act occasioning the injury that there was negligence in the act that did produce the injury. To the first category the maxim *res ipsa loquitur* has no application; it is confined, when applicable at all, solely to the second. In no case where the thing which occasioned the injury is unknown has it ever been held that the maxim applies; because when the thing which produced the injury is unknown it can not be said to speak or to indicate the existence of causative negligence." See also *Fagan* v. *Rhode Island Company*, 27 R. I. 51.

In the case at bar the fact that the plaintiff caught her shoe on the running-board and the heel of the shoe was torn off and she was thrown does not speak as to the negligence of the defendant. Proof of such fact would not raise a presumption of negligence which it would be necessary for the defendant to rebut. It would be necessary for the plaintiff to go further and show some circumstance, attendant upon the accident, of such a character as to justify the jury in inferring negligence as the cause of the accident. *Paynter* v. *Bridgeton & M. Traction Co.*, 52 Atl. Rep. (N. J.) 367; *Benedick* v. *Potts, supra.*

(2) It therefore becomes necessary to consider the sufficiency of the allegation of negligence. The declaration is in a single count. It is alleged that there were in the running-board, or step, of the car certain apertures, projections, and defects negligently made, &c., the nature whereof was and is unknown to the plaintiff, and she can not more particularly describe the

same, and that the plaintiff's foot or shoe was caught upon the running-board, or step, of said car by reason of said apertures, projections, or defects, whereby the heel of her shoe was torn off and she was thrown and injured. The descriptions of the alleged defects are inconsistent and contradictory and, being contained in the same count, nullify each other; and the allegation that the injury was caused by an aperture, projection, or other defect, the nature whereof is unknown to the plaintiff, is equivalent simply to a general allegation that the defendant was guilty of negligence without saying in what the negligence consisted.

Demurrer to declaration sustained.

*Irving Champlin,* for plaintiff.

*Henry W. Hayes, Frank T. Easton, Lefferts S. Hoffman,* and *Alonzo R. Williams,* for defendant.